*Transfer from CD of California 2/5/18*

**MSG**

**18-cv-489**

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**18   489**

Address of Plaintiff: _Los Angeles, CA_

Address of Defendant: _State of California_

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☐

Does this case involve multidistrict litigation possibilities?   Yes☐   No☐

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) _Labor/Mgmt. Relations_

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
         Attorney-at-Law                     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*FEB - 5 2018*

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _2/5/18_   _Steve Torres_   _Deputy Clerk_
                  Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Brian Elwell                                              : CIVIL ACTION
              v.                                          :
SAP America, Inc., Does 1-5                   NO. 18   489

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                    (X)

2/5/18            Steve Tmm                              Deputy Clerk
Date              Attorney-at-law                        Attorney for

Telephone         FAX Number                             E-Mail Address

(Civ. 660) 10/02

FEB -5 2018

ACCO,(AFMx),CLOSED,DISCOVERY,MANADR,TRANSFERRED

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)**
**CIVIL DOCKET FOR CASE #: 2:17-cv-08314-GW-AFM**

Brian Elwell v. SAP America, Inc. et al
Assigned to: Judge George H. Wu
Referred to: Magistrate Judge Alexander F. MacKinnon
Demand: $75,000
Case in other court: Los Angeles Superior Court, BC675323
Cause: 28:1441 Notice of Removal - Labor/Mgmnt. Relations

Date Filed: 11/14/2017
Date Terminated: 02/02/2018
Jury Demand: Plaintiff
Nature of Suit: 790 Labor: Other
Jurisdiction: Diversity

**Plaintiff**

**Brian Elwell**
*individually and on behalf of all others similarly situated*

represented by **Sergio Bent**
Bent Caryl and Kroll LLP
6300 Wilshire Boulevard Suite 1415
Los Angeles, CA 90048
323-315-0510
Fax: 323-951-0194
Email: sbent@bcklegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven M Kroll**
Bent Caryl and Kroll LLP
6300 Wilshire Boulevard Suite 1415
Los Angeles, CA 90048
323-315-0510
Fax: 323-951-0194
Email: skroll@bcklegal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SAP America, Inc.**

represented by **Kathy H Gao**
Morgan Lewis and Bockius LLP
300 South Grand Avenue 22nd Floor
Los Angeles, CA 90071-3132
213-612-2500
Fax: 213-612-2501
Email: kathy.gao@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melinda S Riechert**
Morgan Lewis and Bockius LLP
1400 Page Mill Road
Palo Alto, CA 94304
650-843-4000
Fax: 650-843-4001
Email: melinda.riechert@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Bartholomew Quintans**
Morgan Lewis and Bockius LLP
600 Anton Boulevard Suite 1800
Costa Mesa, CA 92626-7653
714-830-0600
Fax: 714-830-0700
Email: bart.quintans@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anna Kim**
Morgan Lewis and Bockius LLP
300 South Grand Avenue 22nd Floor
Los Angeles, CA 90071-3132

213-612-2500<br>
Fax: 213-612-2501<br>
Email: anna.kim@morganlewis.com<br>
TERMINATED: 01/22/2018

**Defendant**

**Does**
*1 through 5, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/14/2017 | 1 | NOTICE OF REMOVAL from Los Angeles Superior Court, case number BC675323 Receipt No: 0973-20824585 - Fee: $400, filed by Defendant SAP America, Inc.. (Attachments: # 1 Exhibit A to Notice of Removal, # 2 Exhibit B to Notice of Removal, # 3 Exhibit C to Notice of Removal, # 4 Declaration Of Elizabeth Heck In Support Of Notice Of Removal Of Defendant Sap America, Inc., # 5 Declaration Of Susan Vickers In Support Of Notice Of Removal Of Defendant Sap America, Inc.) (Attorney Melinda S Riechert added to party SAP America, Inc(pty:dft))(Riechert, Melinda) (Entered: 11/14/2017) |
| 11/14/2017 | 2 | CIVIL COVER SHEET filed by Defendant SAP America, Inc.. (Riechert, Melinda) (Entered: 11/14/2017) |
| 11/14/2017 | 3 | *Defendant Sap America, Inc.s Certification Of Interested Parties Pursuant To Local Rule 7.1-1* CERTIFICATE of Interested Parties filed by Defendant SAP America, Inc., identifying SAP SE and SAP Nederland Holding B.V.. (Riechert, Melinda) (Entered: 11/14/2017) |
| 11/14/2017 | 4 | NOTICE of Related Case(s) filed by Defendant SAP America, Inc.. *Defendant Sap America, Inc.s Notice Of Related Cases Pursuant To Local Rule 83-1.3* (Riechert, Melinda) (Entered: 11/14/2017) |
| 11/14/2017 |  | CONFORMED FILED COPY OF COMPLAINT against Defendants Does 1 through 5, inclusive, SAP America, Inc. Jury Demanded., filed by plaintiff Brian Elwell. (FILED IN STATE COURT ON 9/8/2017 SUBMITTED ATTACHED EXHIBIT A) (ghap) (Entered: 11/16/2017) |
| 11/16/2017 | 5 | NOTICE OF ASSIGNMENT to District Judge George H. Wu and Magistrate Judge Alexander F. MacKinnon. (ghap) (Entered: 11/16/2017) |
| 11/16/2017 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (ghap) (Entered: 11/16/2017) |
| 11/21/2017 | 7 | Standing Order Re Final Pre-Trial Conferences for Civil Jury Trials Before Judge George H. Wu by Judge George H. Wu. (mrgo) (Entered: 11/21/2017) |
| 11/21/2017 | 8 | MINUTE ORDER IN CHAMBERS - ORDER SETTING SCHEDULING CONFERENCE by Judge George H. Wu. (Rule 26 Meeting Report due by 12/21/2017. Scheduling Conference set for 1/4/2018 at 08:30 AM before Judge George H. Wu.) (mrgo) (Entered: 11/21/2017) |
| 11/21/2017 | 9 | STIPULATION Extending Time to Answer the complaint as to SAP America, Inc. answer now due 12/21/2017, filed by Defendant SAP America, Inc..(Gao, Kathy) (Entered: 11/21/2017) |
| 12/13/2017 | 10 | STIPULATION to Continue Scheduling Conference from January 4, 2018 to February 1, 2018 filed by Defendant SAP America, Inc.. (Attachments: # 1 Proposed Order Granting Joint Stipulation to Continue January 4, 2018 Scheduling Conference)(Gao, Kathy) (Entered: 12/13/2017) |
| 12/18/2017 | 11 | ORDER GRANTING JOINT STIPULATION TO CONTINUE JANUARY 4, 2018 SCHEDULING CONFERENCE by Judge George H. Wu, re Stipulation to Continue, 10 : Based on the Parties Joint Stipulation to Continue January 4, 2018 Scheduling Conference, and good cause having been shown, the Court orders that the January 4, 2018 Scheduling Conference, at 8:30 a.m., should be continued to February 1, 2018, at 8:30 a.m. (Attorney Anna Kim served with this order under separate mailing with the United States Post Office sent by the clerk.) (cr) Modified on 12/18/2017 (cr). (Entered: 12/18/2017) |
| 12/21/2017 | 12 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendant SAP America, Inc.. Motion set for hearing on 2/1/2018 at 08:30 AM before Judge George H. Wu. (Attachments: # 1 Declaration of Melinda S. Riechert in Support of Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue, # 2 Declaration of Elizabeth Heck in Support of Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue, # 3 Declaration of Susan Vickers in Support of Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue, # 4 Exhibit A to Declaration of Susan Vickers in Support of Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue, # 5 Exhibit B to Declaration of Susan Vickers in Support of Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue, # 6 Proposed Order Granting Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue) (Riechert, Melinda) Modified on 2/5/2018 (mrgo). (Entered: 12/21/2017) |
| 12/21/2017 | 13 | NOTICE OF MOTION AND MOTION to Strike Class Allegations or, in the Alternative, to Limit Class filed by Defendant SAP America, Inc.. Motion set for hearing on 2/1/2018 at 08:30 AM before Judge George H. Wu. (Attachments: # 1 Declaration of Susan Vickers in Support of Defendant's Motion to Strike Class Allegations or, in the Alternative, to Limit Class, # 2 Exhibit A to Declaration of Susan Vickers in Support of Defendant's Motion to Strike Class Allegations or, in the Alternative, to Limit Class, # 3 Exhibit B to Declaration of Susan Vickers in Support of Defendant's Motion to Strike Class Allegations or, in the Alternative, to Limit Class, # 4 Proposed Order Granting Defendant's Motion to Strike Class Allegations or, in the Alternative, to Limit Class) (Riechert, Melinda) (Entered: 12/21/2017) |
| 01/11/2018 | 14 | FIRST AMENDED COMPLAINT against Defendants All Defendants amending Complaint - (Discovery), filed by Plaintiff |

| | | |
|---|---|---|
| | | Brian Elwell(Kroll, Steven) (Entered: 01/11/2018) |
| 01/11/2018 | 15 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Dismiss Case 12 filed by Plaintiff Brian Elwell. (Attachments: # 1 Appendix Evidence)(Kroll, Steven) (Entered: 01/11/2018) |
| 01/11/2018 | 16 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Strike Class Allegations or, in the Alternative, to Limit Class 13 filed by Plaintiff Brian Elwell. (Kroll, Steven) (Entered: 01/11/2018) |
| 01/16/2018 | 17 | MINUTES IN CHAMBERS - COURT ORDER by Judge George H. Wu. Plaintiff Brian Elwell filed a First Amended Complaint on January 11, 2018. For that reason, the Court VACATES Defendants SAP America, Inc.'s Motion to Strike 13 . Defendant SAP America, Inc.'s Motion to Dismiss will remain on calendar for February 1, 2018. However, the Court will not consider the 12(b)(6) aspect of the Motion because of the filing of the First Amended Complaint. (lom) (Entered: 01/16/2018) |
| 01/17/2018 | 18 | STIPULATION for Extension of Time to File Motion for Class Certification filed by Plaintiff Brian Elwell. (Attachments: # 1 Proposed Order)(Kroll, Steven) (Entered: 01/17/2018) |
| 01/18/2018 | 19 | REPLY in support of NOTICE OF MOTION AND MOTION to Dismiss Case 12 *Defendant SAP America, Inc.s Reply In Support Of Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(3) And 12(b)(6) Or, In The Alternative, Motion To Transfer Venue Pursuant To 28 U.S.C. § 1404(a)* filed by Defendant SAP America, Inc.. (Riechert, Melinda) (Entered: 01/18/2018) |
| 01/18/2018 | 20 | STIPULATION for Extension of Time to File Answer to Please see Joint Stipulation filed by Defendant SAP America, Inc.. (Attachments: # 1 Proposed Order Granting Joint Stipulation to Continue Defendant's Deadline to Respond to Plaintiff's First Amended Complaint)(Gao, Kathy) (Entered: 01/18/2018) |
| 01/19/2018 | 21 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 10 to 15 days, filed by Plaintiff Brian Elwell.. (Kroll, Steven) (Entered: 01/19/2018) |
| 01/22/2018 | 22 | ORDER TO EXTEND TIME FOR PLAINTIFF TO FILE A MOTION FOR CLASS CERTIFICATION AND SET BRIEFING SCHEDULE by Judge George H. Wu, re Stipulation for Extension of Time to File 18 : 07/12/2018; deadline for Plaintiff to file motion for class certification; Objections due by 8/16/2018, Replies due by 9/13/2018. Motion set for hearing on 9/27/2018 at 08:30 AM before Judge George H. Wu. (cr) (Entered: 01/22/2018) |
| 01/22/2018 | 23 | ORDER GRANTING JOINT STIPULATION TO CONTINUE DEFENDANT'S DEADLINE TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT by Judge George H. Wu, re Stipulation to Extend Time to Answer (More than 30 days), 20 : Based on the Parties Joint Stipulation to Continue Defendant's Deadline to Respond to Plaintiffs First Amended Complaint, and good cause having been shown, the Court orders that Defendant's deadline to respond to Plaintiff's FAC should be continued to two weeks after this Court issues its order on Defendant's Motion to Dismiss. (cr) (Entered: 01/22/2018) |
| 01/22/2018 | 24 | Notice of Appearance or Withdrawal of Counsel: for attorney Kathy H Gao counsel for Defendant SAP America, Inc.. Anna Kim is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Defendant SAP America, Inc.. (Gao, Kathy) (Entered: 01/22/2018) |
| 02/02/2018 | 25 | MINUTES OF DEFENDANT SAP AMERICA, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3) AND 12(b)(6) OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404 (a) 12 Hearing held before Judge George H. Wu. The Court denies Defendant's motion insofar as it is brought pursuant to Federal Rule of Civil Procedure 12(b)(3), but grants the motion insofar as it seeks transfer to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Case transferred electronically on 2/5/2018. MD JS-6. Case Terminated. Court Reporter: Katie Thibodeuax. (mrgo) (Entered: 02/05/2018) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/09/2018 09:36:10 | | |
| **PACER Login:** ud1646:4262928:0 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 2:17-cv-08314-GW-AFM End date: 2/9/2018 |
| **Billable Pages:** 5 | **Cost:** | 0.50 |

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY
LITIGATION  MDL No. 2323

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Hernandez*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2323. The NFL defendants[1] and the Riddell defendants[2] oppose the motion to vacate.

The actions in MDL No. 2323 involve allegations that the NFL defendants are liable for injuries sustained while plaintiffs were playing professional football, including damages resulting from the permanent long-term effects of concussions. In general, plaintiffs allege that the NFL defendants failed to warn and protect NFL players against the long-term brain injury risks associated with football-related concussions and to regulate the sport so as to minimize the risk of such long-term injuries. *See In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378 (J.P.M.L. 2012). Many plaintiffs also allege that Riddell is liable in connection with the sale and manufacturing of football helmets. In opposing inclusion of her action in MDL No. 2323, plaintiff argues, *inter alia*, that her action is unique, and that the procedural posture of MDL No. 2323 weighs against centralization. She also asks the Panel to delay hearing her motion to vacate in order to allow the transferor court to rule on her pending remand motion.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2323, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the MDL No. 2323 actions, the *Hernandez* action involves allegations that defendants are liable for, *inter alia*, failing to warn and protect players from the long-term risk of concussions, which plaintiff alleges resulted in the decedent suffering from Chronic Traumatic Encephalopathy (CTE).

---

[*] Judge Lewis A. Kaplan and Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] National Football League, National Football League Foundation, and NFL Properties LLC.

[2] Riddell, Inc.; All American Sports Corp.; BRG Sports Holding Corp.; BRG Sports, Inc.; BRG Sports, LLC; EB Sports Corp.; and Riddell Sports Group, Inc.

A TRUE COPY CERTIFIED FROM THE RECORD
DATED: 2/2/18
ATTEST: Eric Sobieski
DEPUTY CLERK UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Case 2:18-cv-00489-MSG   Document 1   Filed 02/05/18   Page 7 of 9
Case 1:17-cv-12244-GAO   Document 51   Filed 02/05/18   Page 2 of 4

-2-

Plaintiff alleges *Hernandez* is unique because (1) she is not a member of the settlement class in MDL No. 2323; (2) she brings an independent, non-derivative claim for loss of consortium; and (3) this case does not concern an alleged NFL-football-related injury because plaintiff's claims are based on defendants' conduct over the entirety of the decedent's life. We find these arguments unpersuasive. Defendants dispute whether plaintiff is a settlement class member, and the issue will require interpretation of the MDL No. 2323 settlement agreement—a task most properly suited to the transferee court, which approved the settlement. Additionally, the Panel has held that the presence of "differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Plaintiff asserts that her consortium claim is unique, but her claim, like those in MDL No. 2323, is based on theories of negligence and fraud, and rests upon allegations very similar to those made by MDL plaintiffs. Though plaintiff's allegations include a period longer than the decedent's time playing professional football, they cover the period he played in the NFL. She alleges the decedent played in the NFL from 2010 through the 2012-2013 season and subsequently was diagnosed with CTE allegedly caused by "repetitive subclinical and clinical blows to the head" while playing football. *Hernandez* Compl. at ¶ 348. Furthermore, plaintiff's allegations of a long-running conspiracy among the Riddell and NFL defendants to conceal the link between repetitive head trauma and chronic brain damage are mirrored in the Second Amended Master Administrative Long-Form Complaints recently filed in MDL No. 2323. *Hernandez*, therefore, shares questions of fact with the MDL No. 2323 actions, and discovery will overlap concerning defendants' knowledge regarding the alleged link between repetitive head trauma and chronic brain damage and their participation in the Mild Traumatic Brain Injuries Committee.

Plaintiff argues that MDL No. 2323 is now focused on the class settlement rather than on what plaintiff characterizes as few pending opt-out actions. But there are dozens of opt-out actions still pending in the transferee court, and they are no further advanced than *Hernandez*. The MDL parties currently are briefing motions to dismiss and motions for remand to state court. These motions concern the same jurisdictional issues involved in the remand motion pending in *Hernandez*, specifically, whether plaintiffs' claims will require interpretation of collective bargaining agreements between the NFL and its players and, relatedly, whether their claims are preempted by Section 301 of the Labor Management Relations Act. Transfer will encourage consistent rulings on these issues and lead to the just and efficient conduct of the actions.

Finally, the Panel consistently has rejected jurisdictional challenges as a basis for delay or vacatur, as plaintiff can present her jurisdictional arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Anita B. Brody for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Charles R. Breyer	Ellen Segal Huvelle
R. David Proctor	Catherine D. Perry

IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY
LITIGATION                                                    MDL No. 2323

## SCHEDULE A

<u>District of Massachusetts</u>

HERNANDEZ v. NATIONAL FOOTBALL LEAGUE, ET AL., C.A. No. 1:17-12244